UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT CHARLES HEWETT,            )
                                  )
           Plaintiff,            )  Case No. 1:12-cv-998
                                  )
v.                                )  Honorable Robert Holmes Bell
                                  )
CITY OF GRAND RAPIDS, et al.,     )
                                  )  **REPORT AND RECOMMENDATION**
           Defendants.           )
_____)

       This is a civil rights action brought by a *pro se* plaintiff. Plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C. § 1346, as well as 42 U.S.C. § 1983 and Michigan common law. The defendants are the City of Grand Rapids, Merl's Towing, the Grand Rapids Police Department, Judge Michael Christensen, and the Thomas M. Cooley Law School. Plaintiff's claims arise from his arrest in May 2011 in the City of Grand Rapids, the subsequent impounding of his automobile, plaintiff's conviction and sentencing in the 61st District Court, and his eventual academic dismissal as a student from Thomas M. Cooley Law School. Although plaintiff claims some legal training, the complaint is a confusing amalgamation of factual allegations and citations to legal authorities. As relief, plaintiff seeks an award of compensatory and punitive damages, as well as injunctive relief against "further acts of discrimination or retaliation."

       The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

After review of the *pro se* complaint under the standards set forth above, I recommend all federal following claims be dismissed, on the following grounds:

    A.    All claims against defendant Judge Christensen should be dismissed on grounds of absolute judicial immunity.

  B. All claims against any defendant under the Federal Tort Claims Act should be dismissed as frivolous.

  C. All claims against Thomas M. Cooley Law School under 42 U.S.C. § 1983 should be dismissed for failure to state a claim upon which relief can be granted for lack of state action. Likewise, all claims against Merl's Towing fail for lack of any allegation of State action or interference with a federally granted right.

  D. All claims against the City of Grand Rapids or against the Police Department, which is not a legal entity, should be dismissed under the *Monell* doctrine.

  E. All claims in counts II and III for alleged violations of federal spending statutes or American Bar Association standards should be dismissed for failure to state a claim upon which relief can be granted.

All state-law claims should be dismissed without prejudice.

## Factual Allegations in Complaint

  Although plaintiff's legal theories are opaque, the facts leading up to his claims appear uncomplicated. Plaintiff alleges that he is a resident of Kent County, Michigan. (Compl. ¶ 6). In May of 2011, he was a student at defendant Thomas M. Cooley Law School. He asserts that on May 14, 2011, at approximately 12:30 p.m.,[1] he was assaulted in the City of Grand Rapids. (*Id.* ¶ 14). After the assault, he was riding as a passenger in his own vehicle, which was driven by another person, to seek medical attention for his injuries. Plaintiff alleges that he was unconscious

---

[1] Plaintiff probably means 12:30 a.m., but the complaint alleges p.m.

until the driver ran into a tree. The driver fled, leaving the keys in the ignition. (*Id.* ¶¶ 16-17). Plaintiff entered Konkle's Bar seeking help. Someone called the police on plaintiff's behalf. The call was placed at 1:00 a.m., and police arrived at 1:02 a.m. (*Id.* ¶¶ 20-21).

An unnamed officer arrived, and plaintiff requested medical attention. Officers allegedly disregarded plaintiff's injuries, but instead subjected him to field sobriety tests and searched his vehicle. (Compl. ¶¶ 25-27). Plaintiff was arrested and transported to the Kent County Jail, where he was held without any medical attention for several hours until the police procured a search warrant for blood analysis from defendant Judge Michael Christensen. (*Id.* ¶¶ 29-30). After the blood was drawn, plaintiff was released on bail "without receiving any medical attention or treatment from the Grand Rapids Police Department." (*Id.* ¶ 33).

On the day of his release from jail, plaintiff was treated at Zeeland Community Hospital for multiple contusions, abrasions, a concussion, and a deep laceration to his head. (Compl. ¶ 35). His car was impounded, and he was unable to retrieve it until May 31, 2011, because his North Carolina driver's license had been confiscated. He paid $681.00 to the City of Grand Rapids to release the impounded vehicle on that date. (Compl. ¶¶ 35-36). When plaintiff arrived at the lot of defendant Merl's Towing, he disputed the condition of his vehicle and asked that it not be moved until his insurance company inspected it. He demanded return of the impoundment fees from the City until the time of the inspection, but his request was denied. The car was ultimately scrapped on June 27, 2011, without notice or compensation. (*Id.* ¶¶ 37-42).

Plaintiff was charged in the 61st District Court with an undisclosed misdemeanor violation, to which he entered a plea of not guilty on June 29, 2011. (Compl. ¶ 45). Judge Christensen required him to post an additional $900.00 bond to leave the State of Michigan to see

his family in North Carolina during a summer break from law school. (*Id.* ¶¶ 46-47). Plaintiff later requested a reduction in bond because of the death of his brother, but Judge Christensen denied the request. (*Id.* ¶ 48). Plaintiff alleges that he appeared for jury trial on November 17, 2011, and that he was advised by his attorney that Judge Christensen would detain him in jail indefinitely if he did not enter a guilty plea. (*Id.* ¶¶ 52-54). Plaintiff entered a plea of guilty "in fear that he would miss his finals and fail law school." (*Id.* ¶ 55). He was sentenced to probation, a fine, and community service. (*Id.* ¶ 56).

On January 3, 2012, plaintiff was "academically dismissed" from Thomas M. Cooley Law School. (Compl. ¶ 58). Plaintiff does not allege that his academic dismissal was causally connected to any of the previous events. The remainder of plaintiff's "general allegations" consist of legal conclusions.

## Discussion

Plaintiff's complaint sets forth fifteen separate counts under both federal and state law. The nature of his claims is rendered difficult to discern by a number of pleading deficiencies, including long, but inaccurate, allegations concerning the content of federal statutory law and the use of the term "defendants" in a way that makes it impossible to determine which of the defendants is allegedly responsible for particular acts. Obviously, Thomas M. Cooley Law School had nothing to do with plaintiff's arrest, and Merl's Towing had nothing to do with plaintiff's academic dismissal from law school. Nevertheless, all "defendants" are alleged to be responsible for all of plaintiff's injuries. Despite the uninformative nature of plaintiff's pleading style, numerous, fatal deficiencies appear obvious on the face of the complaint, as discussed below.

A.      **Judge Christensen - Absolute Judicial Immunity**

Plaintiff alleges that defendant Judge Michael Christensen, a judge of the 61st District Court, performed several judicial acts: he issued a search warrant for a blood test, made bond decisions, took plaintiff's guilty plea, and sentenced him. Plaintiff also suggests that Judge Christensen coerced him into entering the guilty plea by threatening him with jail if he exercised his right to a jury trial. These allegations, accepted as factually true for present purposes, are insufficient to overcome Judge Christensen's absolute judicial immunity.

State judges enjoy absolute immunity from federal damage suits for acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). A claim that the state court judge acted "maliciously or corruptly" and in excess of his jurisdiction is insufficient to overcome judicial immunity. *See Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L.Ed.2d 555 (1988).

*Stern v. Mascio*, 262 F.3d at 606.  It is clear that judges in courts of limited jurisdiction (such as Michigan district judges) are entitled to the protection of the immunity doctrine.  *See White v. Gerbitz*, 892 F.2d 457, 462 (6th Cir. 1989).

The Supreme Court has held that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity.  *Id.*  Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction.  *Id.*  In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge.  *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see Savoie v. Martin,* 673 F.3d 488, 493 (6th Cir. 2012).

In the present case, all of the actions of Judge Christensen alleged in the complaint are clearly judicial in nature, as they occurred in open court in connection with pending criminal proceedings.  These are "paradigmatic judicial acts," because they involve resolution of the dispute before the court and alter the rights and liabilities of the parties.  *See Forrester*, 484 U.S. at 227.  Only a judge can issue a search warrant, set bond, take a guilty plea, and impose sentence.  A judge is immune from damage liability arising from such judicial actions, even if the decisions were erroneous or malicious.  *Mireles*, 502 U.S. at 11.  Nevertheless, a judge is not immune for actions, even though judicial in nature, done in complete absence of all jurisdiction.  It is clear, however, that Judge Christensen, as a state district judge, had jurisdiction under state law to adjudicate whatever misdemeanor charge plaintiff faced in the state district court.  *See* MICH. COMP. LAWS § 600.8311; *see also Belill v. Hummel*, No. 86-1937, 1987 WL 24114, at * 2 n.3 (6th Cir. Dec. 1, 1987); *Robertson v. City of Grand Rapids*, No. 1:06-cv-451, 2008 WL 2224173 (W.D. Mich. May 27,

2008). Likewise, state district judges have clear authority to issue search warrants. *See* MICH. COMP. LAWS § 780.651(i) (search warrants may be issued by magistrates); MICH. COMP. LAWS § 761.1 ("magistrate" defined as a judge of the district court).

By bringing a suit seeking monetary relief against Judge Christensen for his judicial acts, plaintiff has brought suit against a defendant "who is immune from such relief" within the meaning of 28 U.S.C. § 1915(e)(2)(B)(iii). All claims against Judge Christensen should therefore be dismissed.

### B. Claims Under the Federal Tort Claims Act

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and rendered itself liable. The Federal Tort Claims Act provides a limited waiver of the federal government's sovereign immunity. *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). The FTCA applies only to civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government. . . ." 28 U.S.C. § 1346(b)(1).

Plaintiff's complaint does not allege that any defendant is a federal employee. The complaint, however, is littered with allegations that defendants accepted federal money. Paragraph 36, for example, alleges that plaintiff paid the Grand Rapids Police Department $681.00 using federal financial aid funds. Likewise, paragraph 83 alleges that each defendant entered into a written employment agreement with the U.S. Department of Treasury with regard to use of federal student loan disbursements. Plaintiff's theory apparently is that defendants' alleged acceptance of money

having its origin in federally guaranteed student loans somehow makes each defendant an agency or employee of the United States for purposes of the Federal Tort Claims Act. This contention is untenable.

The governing authority is the Supreme Court decision in *United States v. Orleans*, 425 U.S. 807 (1976). The issue in the *Orleans* case was whether a community action agency funded under the Economic Opportunity Act of 1964 was a federal instrumentality or agency for purposes of Federal Tort Claims Act liability. The court relied on the "unambiguous" language of 28 U.S.C. § 1346(b), which creates FTCA liability only for torts caused by the wrongful act or omission of any "employee" of the government acting within the scope of employment. The Act further defines government employees to include officers and employees of "any federal agency" but specifically excludes "any contractor with the United States." 28 U.S.C. § 2671. The Court noted that billions of dollars of federal money are spent each year to fund projects and programs. The mere fact that an entity received such money, however, does not qualify that entity as a federal agency. 425 U.S. at 815-17. Relevant to the allegations in the present case, the court further held that the mere fact that an entity must comply with federal rules and regulations as a condition of receiving federal money does not change this result. *Id.* at 818-19.

None of the defendants in this case is an agency, instrumentality, or employee of the United States government. The mere fact, if it is a fact, that an entity accepts federal money does not make it an agency of the federal government for purposes of the FTCA. Jurisdiction under the Federal Tort Claims Act is therefore lacking and cannot be used to support any of plaintiff's claims.

### C. Thomas M. Cooley Law School and Merl's Towing - No State Action

Plaintiff has named two private corporations -- Thomas M. Cooley Law School and Merl's Towing -- as parties defendant. As noted above, the Federal Tort Claims Act does not create the basis for a claim against either of these entities. (In any event, the FTCA claim would be against the United States, not the present defendants.) Plaintiff's alternative ground for federal court jurisdiction is 42 U.S.C. § 1983. To prevail on a section 1983 claim, a plaintiff must demonstrate that defendant deprived him of "rights, privileges, or immunity secured by the Constitution" under color of state law. Plaintiff may not proceed under section 1983 against a private party, "no matter how discriminatory or wrongful the party's conduct." *Tahfs v. Procter*, 316 F.3d 584, 590 (6th Cir. 2003). Rather, a plaintiff has the burden of pleading and proving that a defendant should be deemed a "state actor." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007). "As a matter of substantive constitutional law, the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). A private actor acts under color of state law only when his conduct is "fairly attributable to the state." *Lugar*, 457 U.S. at 937.

Plaintiff does not allege that the law school defendant acted under color of state law or that its conduct in dismissing him on academic grounds is somehow attributable to the State of Michigan. Although the Supreme Court has articulated tests to determine whether the conduct of a private actor is fairly attributable to the state, the complete lack of factual allegations in the complaint on this issue makes it unnecessary to apply any such test, as no allegation of the complaint, taken as true, establishes the state-action requirement.

Similarly, the complaint contains no factual allegations that Merl's Towing was acting under color of state law in towing away his car after an accident. Moreover, the complaint alleges no federal claim against the towing company. A section 1983 complaint must allege the deprivation of a right guaranteed by the federal Constitution or laws. Section 1983 does not provide a remedy for violation of state-law rights. *See McCarthy v. City of Cleveland*, 626 F.3d 280, 283 n.1 (6th Cir. 2010). Plaintiff's claims relating to the towing and destruction of his car all appear to arise under state law: count VIII (violation of the Michigan Garage Keepers' Liability Act) and count IX (common law conversion). These are pure state-law claims, not cognizable under 42 U.S.C. § 1983.

Any claim under section 1983 embedded in the complaint with regard to defendant Thomas M. Cooley Law School of defendant Merl's Towing must therefore be dismissed for failure to meet the state-action requirement and the requirement of a deprivation of a federal right.

### D. City of Grand Rapids and Grand Rapids Police Department - The Monell Doctrine

Plaintiff brings suit against the Grand Rapids Police Department and the City of Grand Rapids. The claim against the Police Department is easily addressed. It is well settled that municipal police departments are not entities subject to suit, because they are merely departments of city government. *See, e.g., Frodge v. City of Newport*, No. 11-5458, 2012 WL 4773558, at * 5 n.3 (6th Cir. Oct. 5, 2012); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). The City Police Department is therefore not a proper defendant.

The claims against the City of Grand Rapids fail for a different reason. In the landmark case of *Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978), the Supreme Court held that a municipality cannot be held liable under section 1983 for an injury

inflicted solely by its employees or agents. *See Perez v. Oakland County*, 466 F.3d 416, 430 (6th Cir. 2006). A municipality can only be found liable under section 1983 where a policy of the municipality itself causes the constitutional violation at issue. *Monell*, 436 U.S. at 694. To succeed on such a claim, a plaintiff must plead and prove an injury caused by an action taken "pursuant to official municipal policy of some nature." *Id.* at 691. Specifically, a plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his alleged injury was incurred due to the execution of that policy." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010).

Plaintiff's claims against the City of Grand Rapids fail for lack of any allegation that a policy or custom of the municipality was the "moving force" behind the deprivation of any of plaintiff's rights. *See Miller v. Sanilac County*, 606 F.3d 240, 254-55 (6th Cir. 2010). Although spanning over 130 numbered paragraphs, plaintiff's complaint is devoid of a single allegation, or even inference, that the conduct of the Grand Rapids police officers was motivated by a specific municipal policy or custom. All claims against the City should therefore be dismissed on *Monell* grounds.

  **E.**  **Federal Claims Under Spending Power Statutes**

Plaintiff makes extensive allegations, which border on the nonsensical, under various federal statutes passed by Congress under the Spending Power. U.S. CONST. art. I, § 8, cl. 1. His allegations do not attempt to show how defendants could possibly be liable under these spending enactments, even if one were to assume that a private right of action exists for their violation. These claims do not withstand even minimal scrutiny.

Plaintiff's first series of allegations involves the Public Health Service Act, 42 U.S.C. § 201, *et seq.* (Compl. ¶¶ 59-62). This comprehensive Act establishes the Public Health Service as part of the Department of Health and Human Services, 42 U.S.C. § 202, and contains numerous provisions designed to promote the public health. Plaintiff specifically cites 42 U.S.C. § 300d, *et seq.*, which empowers the Secretary of HHS to make grants and enter into cooperative agreements and contracts for the purpose of improving trauma care in the United States. Plaintiff's complaint contains no allegations that any defendant is a grantee under this comprehensive statute or is subject to its requirements. Plaintiff presents extensive allegations that "defendants" failed to provide him with emergency medical services in violation of this Act (Compl. ¶¶ 77(a)-(h)), but fails to allege any basis for concluding that any defendant is subject to this federal law.

Likewise, plaintiff relies on provisions of the Federal Work-Study Program provisions of the Public Health and Welfare Code, 42 U.S.C. § 2751, *et seq.* The purpose of this law is to stimulate and promote part-time employment of students who are enrolled in higher education. 42 U.S.C. § 2751(a). Count III alleges numerous violations of this statute by "defendants" but apparently is aimed at Cooley Law School. The federal courts routinely hold that the work-study provisions of this federal Act create no private cause of action on behalf of any student. *See Abraham v. Marist Coll.*, 706 F. Supp. 294, 295 n.1 (S.D.N.Y. 1989); *Student Gov't Ass'n v. Wilberforce Univ.*, 578 F. Supp. 935, 947 (S.D. Ohio 1983); *Murphy v. Villanova Univ.*, 547 F. Supp. 512, 520 (E.D. Pa. 1982), *aff'd*, 707 F.2d 1402 (3d Cir. 1983). This claim is indisputably meritless.

In the same vein, plaintiff relies on a number of the standards of the American Bar Association with regard to law schools. The ABA Standards describe the requirements that a law

school must meet to obtain and retain ABA approval. *Thomas M. Cooley Law School v. American Bar Ass'n*, 459 F.3d 705, 708 (6th Cir. 2006). Neither the ABA Standards nor the Higher Education Act (which refers to such private standards) creates a private right of action enforceable in federal court. *Id.* at 711; *see Weller v. S. Illinois Univ.*, 125 F.3d 541 (7th Cir. 1997) (ABA Standards grant no protectible property rights to students).

F.   **Miscellaneous Federal Claims**

Counts XII and XIII assert utterly frivolous federal claims. Count XII purports to be brought under 28 U.S.C. § 1495, which authorizes a claim against the United States, to be brought in the United States Court of Federal Claims, for damages by any person "unjustly convicted of an offense against the United States and imprisoned." Obviously, this is not the Court of Claims. Just as obviously, plaintiff was not convicted of an offense against the United States. Rather, he alleges a conviction in the courts of the State of Michigan.

Just as absurd is plaintiff's invocation in count XII of 18 U.S.C. § 1361, a criminal statute that forbids the wilful destruction of government property.

F.   **State-Law Claims**

Finally, plaintiff's complaint sets forth a number of claims arising under state law: breach of contract (count IV), fraud (count V), unjust enrichment (count VI), tortious interference with contract (count VII), violation of the state Garage Keepers' Liability Law (count VIII), common-law conversation (count IX), violation of the Michigan Conversion Statute (count X), and violation of the Michigan Judicature Act (count XI). If plaintiff had alleged any colorable federal claim, the court would have discretion to exercise supplemental jurisdiction over one or more of

these state-law claims, if the court found that they formed part of the same case or controversy. 28 U.S.C. § 1367(a). However, when the district court dismisses all federal claims, it may decline to exercise supplemental jurisdiction over related state-law claims. 28 U.S.C. § 1367(c)(3). The Sixth Circuit regularly holds that dismissal without prejudice of state-law claims is appropriate when all federal claims have been dismissed. *See, e.g., Wee Care Child Center, Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012). All state-law claims should therefore be dismissed without prejudice to plaintiff's ability to bring them in the appropriate state court.

## Recommended Disposition

Upon review of the complaint, I find that it attempts to allege federal claims against a clearly immune defendant and that the remaining federal claims are frivolous or fail to state a claim upon which relief can be granted. I therefore recommend that all federal claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and that all state-law claims be dismissed without prejudice.

Dated: October 15, 2012          /s/ Joseph G. Scoville
                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).